Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #385
San Diego, CA 92108
Phone: (619) 665-3888
Fax: (314) 241-5777

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. MARTIN, on behalf of himself and all others similarly situated<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>Global Tel*Link Corporation, ,<br><br>　　　　　　　Defendant. | Case No. **'14CV2877 LAB BLM**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.　　Plaintiff seeks redress under the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA") in this action against Global Tel*Link Corporation, a Deleware corporation, ("GTL" or "Defendant"), for its practice of making unauthorized phone calls to cellular telephones using an automatic telephone dialing system and/or an artificial or a prerecorded voice.

## JURISDICTION AND VENUE

2.　　This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, and 47 U.S.C. §227. Venue in this district is proper because based on information and belief Defendant GTL is a foreign corporation that transacts business and is subject to personal jurisdiction in this district.

//

**TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA)**

**47 U.S.C. §227**

3. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

4. The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers" or an artificial or a prerecorded voice. Specifically, the plain language of section 227(b) (1) (A) (iii) prohibits the use of auto-dialers or an artificial or a prerecorded voice to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

5. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

**PARTIES**

6. Plaintiff is a resident of Alameda County, California.

7. Plaintiff makes the following allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to plaintiff's counsel, which Plaintiff allege on personal knowledge.

8. Defendant is a Delaware corporation with its principal offices in Reston, Virginia. Defendant is registered with the California secretary of state and authorized to do business in the state of California where it provides services including in San Diego, California to the Metropolitan Correctional Center (MCC). See GTL website at https://www.connectnetwork.com/portal at services locations.

9. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

**FACTUAL ALLEGATIONS**

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by

47 U.S.C. §153(39).

11. Defendant is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. §153(39).

12. GTL provides inmate calling services and offender management solutions for customer's nationwide, serving over 2,100 facilities and 1.1 million inmates in 50 states. They provide service to 28 state DOC contracts (including 12 of the largest 20) and over 800 counties (including 29 of the 50 largest). They also provide service to the Federal Bureau of Prisons. See GTL's website at http://www.gtl.net/about-us/company-profile/.

13. GTL offers multiple options for an inmate's friends and family to set up and fund telephone accounts. GTL allows inmate friends and family members to manage their account using a variety of tools including operator-assisted calls and automated telephone (IVR) tools. See GTL's website http://www.gtl.net/correctional-facility-services/payment-and-deposit-solutions/transaction-accounts/.

14. When an inmate calls from an institution that Defendant services, the called party receives a subsequent call from Defendant making an offer to provide services to facilitate payment for the call. It generally occurs soon after the call from the inmate is terminated.

15. This offer is made using an artificial or prerecorded voice.

16. Defendant has admitted to using an automatic telephone dialing system and an artificial or prerecorded voice case as its regular business practice. In recent case filed in the in the Central District of California, *William Cohen, v. Global Tel\*Link Corporation*, Case No. 2:12-cv-05447-JFW-PJW.

17. GTL, in an appendix attached to its Motion to Stay GTL explained its system.

> "GTL's inmate initial call attempt notifications are sent to telephone numbers that have been dialed by an inmate in the first instance. No automated notification is sent unless an inmate makes a call to a number that cannot be completed. *The notifications are not dialed by a human, they are dialed by interactive voice response software*, but *the number dialed by the*

*software* was provided by a human seeking to place a person-to-person collect call…The software is designed only *to attempt to notify the called party of an attempted inmate call* as soon as possible after the initial call has been placed." (Emphasis added.)

*See* Document 16-3 Case No. 2:12-cv-05447-JFW-PJW at 29.

18. GTL goes on to state it sends automated messages.

"GTL sends two automated notifications to the number dialed by an inmate." (*Id.* at 30*.)*

19. Beginning within four (4) years prior to the filing of this law suit, and on multiple occasions since that time, including but not limited to between July 30, 2014 and August 24, 2014, Defendant called Plaintiff's cell phone number (xxx) xxx- 3943 ("cell phone").

20. Plaintiff was a regular user of the cell phone and paid the bill thereby incurring a charge.

21. Plaintiff answered some of these calls. When he did answer, an artificial or prerecorded voice came on the line.

22. Plaintiff attempted to stop the calls numerous times but was unable to speak to a live operator or to prevent the calls from continuing.

23. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. §227(b) (1) (A) (i).

24. All telephone contact by Defendant to the cell phone of Plaintiff and the other members of the class using equipment that utilized an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. §227(b)(1)(A).

25. Plaintiff did not provide "express consent" allowing Defendant to place telephone calls to Plaintiff's cell phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. §227(b)(1)(A).

26. Under the TCPA and pursuant to the FCC's January 2008 Declaratory

Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

27. Defendant has therefore violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), which makes it "…unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States— ... (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— … (iii) to any telephone number assigned to a paging service, cellular telephone service…"

28. Because of Defendant's illegal conduct, the members of the class are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA under section 227(b) (3) (B).

29. Because Defendant's misconduct was willful and knowing, the Court should pursuant to section 227(b) (3) (C), treble the amount of statutory damages recoverable by the Plaintiff and the class.

30. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

## CLASS ALLEGATIONS

31. Plaintiff proposes the following TCPA class definition, subject to amendment as appropriate

> All persons within the state of California[1] who, on or after four years prior to the filing of this action and 20 days following the filing of this action, received a non-emergency telephone call from Defendant to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls.
>
> Collectively, all these persons will be referred to as "Plaintiffs" or "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and

---

[1] Plaintiff may seek leave to amend the geographic scope of the class definition based on discovery.

employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

32. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The Class is easily identified through records maintained by Defendant.

33. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether, on or after four years prior to the filing of this action and 20 days following the filing of this action Defendant made nonemergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

    b. Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), to make such calls;

    c. Whether Defendant's conduct was knowing and/or willful;

    d. Whether Defendant is liable for damages, and the amount of such damages; and

    e. Whether Defendant should be enjoined from engaging in such conduct in the future.

34. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

35. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in handling class action claims

involving violations of federal and state consumer protection statutes including TCPA class actions.

36. A class action is superior to other alternative methods of adjudicating this dispute. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

37. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant for:

    A. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

    B. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    C. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

F.    Such other relief as the Court deems just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated December 5, 2014    **Lester & Associates**
By   /s/ Patric A. Lester
Patric A. Lester
Attorney for Plaintiff,
pl@lesterlaw.com