UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID W. MARTIN**, <br>     Plaintiff, <br>     v. <br> **GLOBAL TEL*LINK CORPORATION**, <br>     Defendant. | Case No. 15-cv-00449-YGR <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER** <br><br> Re: Dkt. No. 17 |

On March 20, 2015, defendant Global Tel*Link Corporation filed a motion to transfer this case to the Central District of California, where three other cases—two individual actions and one putative class action—are pending. Each accuses the same defendant of similar conduct and asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (Dkt. No. 17 ("Mot.").) Plaintiff David Martin opposed the motion. (Dkt. No. 28 ("Oppo.").) A hearing on the motion was held on April 28, 2015.

Having carefully considered the papers submitted,[1] the record in this case, and the arguments of counsel, and good cause shown, the Court hereby **GRANTS** the defendant's motion.

## I. RELEVANT BACKGROUND

### A. The Instant Action

The plaintiff instituted this action on December 5, 2014, seeking to represent a California class of individuals who allegedly received unauthorized calls from the defendant purportedly in violation of the TCPA. (Dkt. No. 1.) On February 13, 2015, the plaintiff filed his first amended

---

[1] The parties filed unopposed requests for judicial notice of various public filings in related cases. (Dkt. Nos. 19, 35.) The Court **GRANTS** the requests pursuant to Federal Rule of Evidence 201, which allows a court to take judicial notice of "matters of public record," but not facts that may be subject to a reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

complaint, seeking to represent a nationwide class and a California sub-class. (Dkt. No. 9 ("FAC") ¶¶ 31, 33.)

According to the operative complaint, the defendant offers "inmate calling services" to thousands of prisons nationwide, including throughout California. (FAC ¶¶ 8, 12.) Inmates allegedly initiate calls using the defendant's system. Thereafter, the automated system seeks to connect the calls and collect payments from the recipients. (*Id*. ¶¶ 13-18.) The plaintiff claims he received multiple calls on his cell phone from the defendant's system and was unable to reach a live operator to prevent future calls, in violation of the TCPA. (*Id*. ¶¶ 19-29.)

The plaintiff is a resident of Alameda County, California—within the Northern District. The defendant is a Delaware corporation headquartered in Virginia.

**B.     Related Actions**

As noted above, three cases are currently pending in the Central District of California asserting TCPA claims against the same defendant based on substantially the same conduct at issue here. The two individual actions were filed before the instant action: *Cohen v. Global Tel\*Link Corp.*, No. 12-cv-05447 ("*Cohen*") (filed on September 10, 2009 in California Superior Court, Los Angeles County, removed to the Central District, and currently stayed under the primary jurisdiction doctrine pending a ruling by the Federal Communications Commission regarding the defendant's petition) and *Hernandez v. Global Tel\*Link Corp.*, No. 14-cv-01536 ("*Hernandez*") (filed on September 23, 2014 and currently stayed pursuant to stipulation pending action by the FCC).

The putative class action, *Lee v. Global Tel\*Link Corp.*, No. 15-cv-02495 ("*Lee*"), was filed on December 8, 2014 in Nevada state court, seeking to represent a national class and Nevada sub-class. *Lee* was subsequently removed to the District of Nevada and then transferred pursuant to stipulation to the Central District of California.

*Cohen* and *Hernandez* are currently related before Judge John F. Walter. He declined to relate *Lee* to the individual actions and it remains pending before Judge Otis D. Wright II.

## II. LEGAL STANDARDS

The defendant brings a motion to transfer on two alternative grounds: (a) pursuant to 28 U.S.C. section 1404(a); and (b) pursuant to the "first-to-file" rule. The legal standards for each follow.

### A. Venue Transfer Pursuant to 28 U.S.C. Section 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The purpose of section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (internal quotation marks omitted). Courts considering transfer engage in a two-step analysis. Courts first determine whether the action could have been brought in the target district. *Hoffman v. Blaski,* 363 U.S. 335, 343-44 (1960). If it could have been, courts then undertake an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (quoting *Van Dusen,* 376 U.S. at 622).

In conducting the convenience and fairness analysis, the district court has broad discretion in deciding whether to transfer. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007); *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000). In conducting this analysis, courts in this district commonly articulate the relevant factors as follows:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009); *see also Royal Queentex Enters. v. Sara Lee Corp.*, No. C-99-4787, 2000 WL 246599, at *2 (N.D. Cal. March 1, 2000) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)); *Jones*, 211 F.3d at 498-99 ("A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination [of] whether transfer is appropriate in a particular case." (citing *Ricoh Corp.*, 487 U.S. at 29)). This list is non-exclusive, and courts may consider

other factors, or only those factors which are pertinent to the case at hand. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (noting that this list of factors "does not exhaust the possibilities" and comparing the factors in *Decker Coal*, 805 F.2d at 843, with those analyzed in *Jones*, 211 F.3d at 498-99). The burden is on the moving party to show that the transferee district is the more appropriate forum. *Jones*, 211 F.3d at 499.

### B. The First-to-File Rule

A federal district court has discretion to dismiss, stay, or transfer a case to another district court under the first-to-file rule. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("The most basic aspect of the first-to-file rule is that it is discretionary . . . ."). The first-to-file rule is "a generally recognized doctrine of federal comity" permitting a district court to decline jurisdiction over an action. *Inherent.com v. Martindale–Hubbell*, 420 F.Supp.2d 1093, 1097 (N.D. Cal. 2006) (citing *Pacesetter*, 678 F.2d at 94-95). The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments. *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir.1979) (citations omitted). As such, the rule "should not be disregarded lightly." *See Microchip Tech., Inc. v. United Module Corp.*, No. CV-10-04241, 2011 WL 2669627, at *3 (N.D. Cal. July 7, 2011). Courts analyze three factors in determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues. *Schwartz v. Frito–Lay N. Am.*, No. C-12-02740, 2012 WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012) (citing *Alltrade*, 946 F.2d at 625).

A court may, in its discretion, decline to apply the first-to-file rule in the interests of equity or where the Section 1404(a) balance of convenience weighs in favor of the later-filed action. *Adoma v. Univ. of Phoenix, Inc.*, 711 F.Supp.2d 1142, 1149 (E.D. Cal. 2010); *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). Exceptions to the first-to-file rule include where the filing of the first suit evidences bad faith, anticipatory suits, and forum shopping. *Alltrade*, 946 F.2d at 628. The Ninth Circuit has cautioned that relaxing the first-to-file rule on the basis of convenience is a determination best left to the court in the first-filed action. *Ward*, 158 F.R.D. at

648 (citing *Alltrade*, 946 F.2d at 628).

### III. DISCUSSION

#### A. Venue Transfer Pursuant to 28 U.S.C. Section 1404(a)

##### 1. This Action Could Have Been Brought in the Central District of California

A proper district court is one: (1) that has subject matter jurisdiction; (2) where the defendant would have been subject to personal jurisdiction; and (3) where venue would have been proper. *See Hoffman*, 363 U.S. at 343-44.

The Court finds this action could have been brought in the Central District. First, the Central District, like this Court, would have subject matter jurisdiction over the instant action, which asserts a claim under federal law. (*See* FAC ¶ 2.) Second, the complaint acknowledges (*id*. ¶ 2)—and the Court finds based on a declaration submitted by the defendant[2]—that the defendant is properly subject to specific personal jurisdiction throughout California in connection with this case, having purposefully directed its relevant activities within the state. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). Third, and in light of the record including the defendant's declaration referenced above, venue in the Central District would have been proper at the time this suit was filed under 28 U.S.C. section 1391(b)(2).[3]

##### 2. Six Factor Analysis

The Court considers in turn each of the six relevant convenience factors central to this analysis: (1) the plaintiff's choice of forum, (2) the convenience to the parties, (3) the convenience to witnesses, (4) ease of access to the evidence, (5) feasibility of consolidation with other claims, and (6) the relative court congestion and time of trial in each forum. The parties have conceded

---

[2] (*See* Declaration of Thomas W. Sweeney in Support of Motion to Transfer [Dkt. No. 34], ¶¶ 2-3 (evidencing the defendant's substantial relevant business activities involving facilities located throughout the Central District).) The Court notes that the plaintiff also submitted a declaration in opposition to the motion to transfer along with an administrative motion for leave to file said declaration. (Dkt. No. 38.) The Court **GRANTS** the administrative motion and has considered both parties' declarations in connection with this ruling.

[3] Further, the Court notes that the defendant does not contest personal jurisdiction or venue in the three actions pending in the Central District.

that the factors regarding familiarity of each forum with the applicable law and local interest in the controversy are both neutral.

### i. The Plaintiff's Choice of Forum

For purposes of a section 1404(a) analysis, the plaintiff's choice of forum always weighs against transfer. Thus, the question for the Court is how much weight to give this choice relative to the other factors. *See, e.g., Vu*, 602 F. Supp. 2d at 1156-57 (balancing plaintiff's choice against other factors weighing in favor of transfer); *Getz v. Boeing Co.*, 547 F. Supp. 2d 1080, 1082-83 (N.D. Cal. 2008) (same); *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1100-02 (N.D. Cal. 2006) (same).

Generally, a plaintiff's choice of forum is entitled to considerable weight and a defendant must make a strong showing of inconvenience to warrant upsetting this choice. *Decker Coal,* 805 F.2d at 843 (9th Cir. 1986). However, the plaintiff's choice is given less deference in a class action. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Wilson*, 2011 WL 4345079, at *3.

Not only is the instant action a putative class action, but notably, the plaintiff did *not* initially choose this forum, despite residing here. To the contrary, the plaintiff instituted this action in the Southern District of California, and only suggested the Northern District as a fallback option in response to an order to show cause as to why the action should not be dismissed for improper venue. (Dkt. Nos. 3, 4.) Presumably the plaintiff preferred the Southern District of California because his lead counsel is located in San Diego. In light of these circumstances, the Court affords the plaintiff's choice of forum minimal weight.

### ii. Convenience of the Parties

"Convenience of the parties is an important factor to consider for transfer of venue." *Flint*, 2007 WL 4365481, at *3. Even though the plaintiff resides in this District, his initial selection of the Southern District undercuts his argument that he considers the Northern District a more convenient forum—and suggests his interest in maintaining the lawsuit here may instead be due to strategic considerations. The Central District will be a more convenient forum for the defendant, because it is already litigating three similar lawsuits there. Thus, this factor favors transfer.

### iii. Convenience of the Witnesses

The convenience to the witnesses is the most important factor in a section 1404(a) analysis, and the convenience of non-party witnesses is more important than the convenience of the parties. *Clark v. Sprint Spectrum L.P.*, No. C 10-03625 SI, 2010 WL 5173872, at *3 (N.D. Cal. Dec. 15, 2010). Convenience of a litigant's employee witnesses is entitled to little weight because they can be compelled by their employers to testify regardless of venue. *Shore to Shore Props., LLC v. Allied World Assurance*, No. C 11-01512 JSW, 2011 WL 4344177, at *3 (N.D. Cal. Sept. 15, 2011); *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988).

Here, neither party has identified any third-party witnesses likely to testify. The defendant argues, without sufficient support, that there are a greater number of potential class members in the Central District, but does not specifically identify any likely third-party witnesses. *See Wilson*, 2011 WL 4345079, at *4 (finding that the location of putative class members carried little weight in the convenience of witnesses analysis where there was no indication that class members other than the named plaintiffs would be needed to testify); *Johns v. Panera Bread Co.*, No. 08–1071, 2008 WL 2811827, at *3 (N.D. Cal. July 21, 2008) (noting that because "'the Court lacks any indication of how many people from the putative class are anticipated to be witnesses, and what their relevant testimony would be' . . . the Court 'cannot base a decision to transfer based on speculation as to the relevance of potential, but unnamed, witnesses.'" (quoting *Flint*, 2007 WL 4365481, at *4) (citation omitted)).

Nevertheless, on balance, this factor weighs slightly against transfer. The plaintiff reasonably suggested—albeit without clearly stating as much—that he is a potential witness in this case. While the Court affords little weight to party-witnesses, the plaintiff's residence in this District, and therefore his convenience in testifying here, outweighs the purported convenience to hypothetical witnesses raised by the defendant. *See Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1093 (N.D. Cal. 2002) (finding that the moving party failed to establish that this factor favors transfer because it did not identify key witnesses to be called or present a statement as to the importance of their testimony); *Williams*, 157 F. Supp. 2d at 1108 ("To demonstrate inconvenience of witnesses, the moving party must identify relevant witnesses, state their location

and describe their testimony and its relevance.").

####    iv.    Ease of Access to the Evidence

The location of evidence may be an important factor in a convenience and fairness analysis. *Vu*, 602 F. Supp. 2d at 1156. However, this factor is neutral or carries only minimal weight when the evidence is in electronic form. *See, e.g., Sarinara v. DS Waters of Am. Inc.*, No. C-13-0905 EMC, 2013 WL 3456687, at *2 (N.D. Cal. July 9, 2013) (finding ease of access to evidence to be a neutral factor "given the availability of digital records"); *Friends of Scot., Inc. v. Carroll*, No. C-12-1255 WHA, 2013 WL 1192956, at *3 (N.D. Cal. Mar. 22, 2013) ("[W]ith technological advances in document storage and retrieval, transporting documents does not generally create a burden.").

The parties have failed to provide sufficient guidance on this issue. Nevertheless, based on the information provided, the Court finds this factor to be neutral. The case is proceeding as a putative nationwide class action. The defendant is headquartered out of state and its relevant records may be in electronic form. The plaintiff's evidence of calls received—such as phone bills—will likely be *de minimus*. The plaintiff argues there may be relevant evidence located in prisons within this District, to the extent calls at issue were initiated from those prisons. However, the plaintiff has not demonstrated that the calls he received fall within that category.

####    v.    Feasibility of Consolidation

"The feasibility of consolidation is a significant factor in a transfer decision, and even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *Cardoza v. T-Mobile USA Inc.*, No. 08-5120, 2009 WL 723843, at *5 (N.D. Cal. Mar. 18, 2009); *see also Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").

Here, this factor strongly favors transfer. Three cases—two individual actions and one putative class action—are currently pending in the Central District accusing the defendant of substantially similar, if not identical, TCPA violations. The cases involve many common

questions of law and fact—for instance, as to whether the defendant's systems and the calls at issue fall within the scope of the TCPA. It is possible that some or all of these cases may ultimately be consolidated and/or related if this case is transferred. At a minimum, discovery can be coordinated and/or disputes resolved by the same magistrate judge.[4] Such coordination cannot occur if the four cases are pending in different districts.

### vi. Relative Court Congestion and Time of Trial in Each Forum

The relative docket congestion of the respective forums may be relevant to the Court's decision on whether to transfer. *Ctr. for Food Safety v. Vilsack*, No. C-11-00831, 2011 WL 996343, at *8 (N.D. Cal. March 17, 2011). "This factor examines whether a trial may be speedier in another court because of its less crowded docket. To measure congestion, courts compare the two fora's median time from filing to disposition or trial." *Id.* (internal quotation marks and citations omitted). Neither party submitted data relevant to this factor in support of their respective positions. (Instead, they argue about the efficiencies to be gained by transferring this case to the Central District, where three similar actions are pending.) Thus, in the absence of any relevant data, the Court finds this factor to be neutral.

### vii. Balancing the Discretionary Factors

Two factors (the plaintiff's choice of forum and convenience of the witnesses) slightly weigh against transfer. Two factors (convenience of the parties and feasibility of consolidation) favor or strongly favor transfer. The remaining factors are neutral. Based upon the relative balancing of each factor, and in the interests of justice, the Court finds that the defendant has made a sufficiently strong showing to warrant transfer. *See Wilson*, 2011 WL 4345079, at *6 (citing *Decker Coal*, 805 F.2d at 843).

### B. The First-to-File Rule

Having found transfer appropriate under section 1404(a), the Court need not reach the defendant's argument under the first-to-file rule.

---

[4] The Court notes that Judge Wright's scheduling orders refer discovery matters to a magistrate judge.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the defendant's motion to transfer this action to the Central District of California. The defendant's motions to strike and to stay (Dkt. No. 18) are **DENIED WITHOUT PREJUDICE** as moot.

This Order terminates Docket Numbers 17, 18, and 38.

The Clerk is directed to transfer the file in this case to the Central District of California.

**IT IS SO ORDERED.**

Dated: May 6, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**